UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ACCOUNTING FIRM SEARCH
ASSOCIATES, INC.,

                Plaintiff,              **ORDER**

v.

                                      20-CV-09371 (PMH)

DEAN NELSON,

                Defendant.
--------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On or about October 7, 2020, Plaintiff Accounting Firm Search Associates, Inc. commenced an action in the Supreme Court of the State of New York, County of Dutchess, against Defendant Dean Nelson by the service and filing of a Summons and Complaint. (Doc. 1, "Not. of Removal," at 1, ¶ 2; Doc. 1-1, "Compl."). On November 9, 2020, Defendant removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal at 1). On November 9, 2020, Defendant filed an answer to Plaintiff's Complaint. (Doc. 3).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the reasons set forth below, the Court finds that it does not have subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and remands the case to the state court from which it was removed.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).

Plaintiff's Complaint fails to state the amount of damages to which it deems itself entitled. (*See* Compl.). Plaintiff's Complaint does not state a specific sum of money sought to be recovered from Defendant and asserts only that its damages are "in excess of any amount that courts would otherwise have jurisdiction." Compl. at 6. If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and the jurisdictional amount is not clearly alleged in the complaint,  removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendant, in its Notice of Removal, asserts that removal is premised on 28 U.S.C. § 1332(a) and that this Court has original jurisdiction over this action "because (a) the parties to this action are citizens of different states and (b) the amount in controversy exceeds $75,000."  (Not. of Removal ¶¶ 3-4).  According to Defendant, complete diversity exists because Plaintiff is a citizen of New York and Defendant is a citizen of Massachusetts.  (*Id.* ¶¶ 5-7).

Defendant asserts that the amount in controversy is in excess of $75,000 "based on custom and practices in the accounting placement and recruitment industry." (*Id.* ¶ 9). As stated above, Plaintiff's Complaint does not identify an amount in controversy.  (*See* Compl.). Rather, Plaintiff alleges that its damages are "a sum equal to the commissions he would have earned, but for the Defendant's misrepresentation" and "an amount equivalent to the commissions Plaintiff would have received had Defendant Dean Nelson not made these misrepresentations." (*Id.* ¶¶ 16, 23). Defendant's counsel posits that "plaintiff's commission at issue in this action was likely equivalent to 20% of Mr. Nelson's first year salary at Marks Paneth" and because the Complaint alleges that Mr. Nelson's annual compensation from Marks Paneth was $475,000, the amount in controversy would be $95,000. (Not. of Removal ¶ 9).  Defendant provides the Court no other support for the assertion that the amount in controversy exceeds $75,000.

A "hearsay statement does not meet defendants' burden of proof, by a preponderance of the evidence, that the jurisdictional threshold has been met." *Perez v. Smith*, No. 19-CV-2085, 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (citing 28 U.S.C. § 1446(c)(2)(B)). The removal statute "is to be strictly construed." *Quintana v. Werner Enterprises, Inc.,* No. 09-CV-7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) (citing *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001)).

Defendant's counsel's hearsay offer of conjecture is simply not the type or caliber of proof needed in this circumstance to support removal. This Court has also independently undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any indication proof of the amount in controversy. Thus, the only allegation of the amount in controversy is Defendant's hearsay statement that it is likely that Plaintiff's damages exceed

$75,000, which is simply insufficient to establish the amount in controversy in this case. (Not. of Removal ¶¶ 9).

Because the Court concludes that Defendant has failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000, this Court holds that removal from state court was improper.  Accordingly, the action is remanded to the state court from which it was removed.

The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Dutchess, and to close this case.

                                                        **SO ORDERED.**

Dated:  New York, New York
        November 12, 2020

                                                        _____
                                                        Philip M. Halpern
                                                        United States District Judge